# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALBERT DEJEWSKI,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**NATIONAL BEVERAGE CORP.,** *et al.*,<br><br>　　　　Defendants. | Case No. 19–cv–14532–ES–ESK<br><br><br>**OPINION AND ORDER** |

　　　　**THIS MATTER** comes before the Court on the parties' joint letter of November 18, 2020 concerning various discovery disputes. (ECF No. 30.) I held a telephonic conference on November 23, 2020 to address the discovery disputes. (Minute entry after ECF No. 30.) I also entered an Order on November 23, 2020 granting plaintiff's request for an *in camera* review of certain documents that were withheld from production by defendant National Beverage Corp. (NBC) based on an assertion of the attorney/client privilege (Privilege). (ECF No. 31 ¶2(f).) I asked the parties to continue good faith discussions to narrow the list of documents for *in camera* review. (*Id.*) On December 2, 2020, defendants' counsel emailed to me documents, which are the documents that plaintiff continues to challenge as to NBC's assertion of the Privilege. The documents were logged as Items 1, 3, 4, and 5 on NBC's privilege log. I reviewed the documents *in camera* and make the following observations:

　　　　An email is not deemed to be privileged if an in-house attorney: (1) is a mere recipient of that email; and (2) did not actively participate in providing legal advice as part of that email. The mere fact that a party's counsel has been copied on an email does not establish that a document is privileged. To hold otherwise would permit parties to evade the limitations of the privilege concerning the production of relevant discovery by simply copying an attorney on all company-generated emails to protect them from discovery, regardless of whether legal services were sought or who the other recipients of the email were. *See In re Riddell Concussion Reduction Litig.*, No. 13-07585, 2016 WL 7108455, at *3 (D.N.J. Dec. 5, 2016), *reconsideration denied in relevant part*, No. 13-07585, ECF No. 200, Order at *1–4 (D.N.J. Jan. 5, 2017); *see also Spiniello Cos. v. Hartford Fire Ins. Co.*, No. 07-02689, 2008 WL 2775643, at *2 (D.N.J. July 14, 2008) (simply copying or "cc'ing" an in-house or outside attorney on an email is not enough to demonstrate the privilege). "Merely 'cc'ing' an email to an attorney is clearly insufficient to establish the privilege. In other words, emails in which in-house or outside

attorneys are merely sent copies of the text of the email, or in which they are merely one of many addresses, should not be privileged, unless the email is directed to the attorney or sent by the attorney." *Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-01145, 2015 WL 4623470, at *5 (D.N.J. Aug. 3, 2015) (internal quotation marks and citations omitted); *see also In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) (magistrate judge holding that merely copying a lawyer on an email does not, by itself, make the email privileged), *aff'd by district judge*, MDL No. 1763, 2009 WL 1097671 (D.N.J. Apr. 23, 2009).

Additionally, earlier versions of a document or statement, as well as the underlying emails and memos between employees, are not deemed to be privileged when an in-house attorney has provided input into the creation and editing. "The mere involvement of an attorney [in preparing a document] does not, in itself, evidence that a document was prepared in anticipation of litigation." *In re B & C Seafood LLC*, 431 F.Supp.3d 533, 537 (D.N.J. 2019) (internal quotation marks and citation omitted); *see also Rockwell Automation, Inc. v. Radwell Int'l, Inc.*, No. 15-05246, 2019 WL 1864198, at *4 (D.N.J. Apr. 25, 2019) (magistrate judge holding the same), *aff'd by district judge*, No. 15-05246, ECF No. 553, Order at *1–3 (D.N.J. Dec. 31, 2019); *In re Riddell Concussion Reduction Litig.*, 2016 WL 7108455, at *3 (holding that simply because an attorney prepared a document does not automatically protect the document under the attorney-client privilege). Furthermore, non-final "[d]raft documents are not off-limits to discovery if they contain relevant and non-privileged information." *Rockwell Automation, Inc.*, 2019 WL 1864198, at *5 n.10. "Communications which relate to business rather than legal matters do not fall within the protection of the [attorney-client] privilege." *Alpha Painting & Constr. Co., Inc. v. Del. River Port Auth.*, 208 F.Supp.3d 607, 623 (D.N.J. 2016), *aff'd in relevant part*, 853 F.3d 671 (3d Cir. 2017); *see also In re Riddell Concussion Reduction Litig.*, 2016 WL 7108455, at *4 (an attorney who is not performing legal services or relaying legal advice and who performs non-legal duties does not qualify for the privilege, even if litigation may arise from the subject of the attorney's activities); *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98–99 (D.N.J. 1990) (privilege did not protect the communications with in-house counsel relating to business rather than legal matters).

Of particular relevance here, "[o]rdinary public relations advice and working with counsel to evaluate the public reaction to different strategic alternatives is not privileged." *In re Riddell Concussion Reduction Litig.*, 2016 WL 7108455, at *9 (finding the documents in issue related to public relations and messaging rather than legal advice, and a company wanting to portray itself in a good light is not worthy of attorney-client privilege protection because a media campaign is not a litigation strategy even if an attorney deems it advisable). The general rule is that "while legal advice given to a client by an attorney is protected by the privilege, business advice generally is not." *La. Mun. Police Emps. Retirement Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 305 (D.N.J. 2008); *see also Rowe v. E.I. duPont de Nemours & Co.*, No. 06-01810, 2008 WL 4514092, at *8

(D.N.J. Sept. 30, 2008) (noting modern corporate counsel are involved in all aspects of the company for which they work, and in-house counsel participates in and renders decisions about business, technical, scientific, public relations, and advertising issues, as well as purely legal issues).

With these guidelines, I find:

1. <u>Item 1</u>: This item is an email chain that was produced, partially redacted, as NBC 181–190 and produced for *in camera* review as NBC Privileged 1–10. The only portions of the email chain that should remain redacted are: (a) the email from Traci LoMonaco (LoMonaco) to Tim Bolton (Bolton) and Michael King, Esq. sent on April 1, 2019 at 9:30 a.m.; and (b) the response to that email from Mr. King sent on the same date at 9:35 a.m. The remainder of the email chain should be produced and the date of the email from Bolton on NBC Privileged 1 should be provided, if known to NBC.

The direct inquiry to and response from Mr. King on April 1, 2019 is a request for legal advice, followed by legal advice from Mr. King. The remainder of the email chain relates to information to be provided to Joy Bauer (Bauer), a social media influencer for NBC (ECF No. 30 p.30), so that Bauer can respond to comments on her social media page stating that NBC's cans are "NOT BPA Free." Accordingly, information that was prepared for Bauer as part of a media response is not protected by the Privilege.

2. <u>Item 3</u>: This item is an attachment to an email from Bolton to Dan Trpevski, Tracy Andrews, and Art Hanrehan sent on April 4, 2019 at 4:26 p.m. The attachment is titled "*Joy – BPA question*" and contains much of the same information as the undated email from Bolton at NBC Privileged 1–3 (Undated Email). However, Item 3 appears to be a final, or near-final, version of the information to be forwarded to Bauer to respond to concerns expressed on her social media page about BPA. Also, although Mr. King is copied on the email from Bolton that is Item 3, there is no indication that any of the differences between the Undated Email and Item 3 resulted from any legal advice from Mr. King.

Thus, for the same reason that Item 1 should be produced, Item 3 should be produced.

3. <u>Item 4</u>: This item is a two-email chain concerning language to be placed on the "FAQ Section on LaCroixWater.com." Bolton copied Mr. King on his email to Geysel Carcamo, LoMonaco, and Grace Keene. Bolton's email was redacted from NBC's production. The email, however, does not have any indication that Mr. King provided legal advice that resulted in Bolton's revisions to the suggested language he received from Carcamo.

Thus, there is nothing protected by the Privilege in Bolton's email in Item 4, so it should be produced.

      4.    <u>Item 5</u>: This item is a two-email chain on which Mr. King is copied on the second email. The second email is Bolton's response to Joe G. Caporella's question, "When can we say [LaCroix] is BPA free coast to coast?" The entire response is redacted. However, I find that only the last bullet point in Bolton's email, which discusses legal advice received from Mr. King, should continue to be withheld from production. The remainder of the email provides factual information concerning NBC's conversion to cans without BPA.

      Thus, Item 5 should be produced with the last bullet point redacted.

      **IT IS SO ORDERED,**

                                                                */s/ Edward S. Kiel*
                                                             **EDWARD S. KIEL**
                                                              **UNITED STATES MAGISTRATE JUDGE**

January 12, 2021